UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE STEINMETZ,

                    Plaintiff,

    -v-

BRIDGE PATH PROPERTY GROUP, LLC, a New
York Limited Liability Company and DOES 1-10,

                  Defendants.

23 Civ. 08836 (JGLC) (RFT)

**SCHEDULING ORDER**
**FOR DAMAGES INQUEST**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On February 15, 2024, Judge Jessica G. L. Clarke issued an Order entering a default

judgment as to liability in favor of Plaintiff and against Defendant Bridge Path Property Group,

LLC. (ECF 25.) By Order of Reference dated February 15, 2024 (ECF 24), Judge Clarke referred

this case to a Magistrate Judge to conduct an inquest and issue a report and recommendation

concerning the amount of damages, if any, that should be awarded to Plaintiff against

Defendant.

Accordingly, it is ORDERED that:

    1.      Proposed Findings of Fact and Conclusions of Law. No later than **March 8,**

**2024,** Plaintiff shall file its Proposed Findings of Fact and Conclusions of Law concerning

all damages and other monetary relief permitted in connection with a judgment against

Defendant. The Proposed Findings of Fact and Conclusions of Law shall contain a

concluding paragraph that succinctly summarizes the exact dollar amount of the

damages (or other monetary relief) sought, as well as the precise terms of any non-

monetary relief sought from Defendant.

2.      Damages. Plaintiff must provide evidence sufficient to permit the Court

to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec.*

*(USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiff seeks

actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact

must be supported by one or more declarations or affidavits, which may attach and

authenticate any documentary evidence needed to establish the proposed damages. All

evidence submitted in support of Plaintiff's request for damages or other relief must be

in admissible form. Each proposed finding of fact shall be followed by a citation to the

paragraph of the declaration and/or page of documentary evidence that supports each

such proposed finding. In addition, the Proposed Findings of Fact should demonstrate

how Plaintiff has arrived at the proposed damages figure and should specifically tie the

proposed damages to its legal claim(s) against Defendant.

3.      Jurisdiction. Before a judgment can be entered and damages or other

relief can be awarded, even after default, the Court must be satisfied that it has

personal jurisdiction over Defendant. *See Sheldon v. Plot Commerce*, No. 15-cv-5885

(CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a

necessary prerequisite to entry of a default judgment."), *report and recommendation*

*adopted*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016);

*Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y.

Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default

judgment"); *Orellana v. World Courier, Inc.*, No. 09-cv-576 (NGG) (ALC), 2010 WL

3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where

there was "no indication on the docket that [defendant] has been served with the

Complaint or any subsequent filings in this action, including the instant motion for

default judgment against him"), *report and recommendation adopted*, No. 09-cv-576

(NGG) (ALC), 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). The Court must also be

satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL

5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102

(1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter

jurisdiction."). Plaintiff is advised that failure to adequately establish service to

Defendant may result in denial of Plaintiff's request for a damages judgment against

Defendant.

    4.    Liability. The Court must also be satisfied that the well-pleaded

allegations contained in the Complaint, which are taken as true after default, are

sufficient to state a claim against Defendant. *See Sheldon*, 2016 WL 5107072, at * 5

(citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's

burden to demonstrate that the uncontroverted facts establish the defendant's liability

on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2,*

*Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir.

2015) ("[T]he court may, on plaintiffs' motion, enter a default judgment if liability is

established as a matter of law when the factual allegations of the complaint are taken as

true."). The Proposed Conclusions of Law must demonstrate, with reference to specific

factual allegations contained in the Complaint, that those allegations are sufficient to

establish Defendant's liability for each cause of action asserted against it.

5.      Attorneys' Fees. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting Plaintiff's costs and expenses.

6.      Service. Prior to filing, Plaintiff shall serve Defendant by mail at its last known address with Plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiff shall file proof of such service along with its Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

7.      Opposition. No later than **March 22, 2024**, Defendant shall serve upon Plaintiff's counsel and file with the Court its responses, if any, to Plaintiff's Proposed Findings of Fact and Conclusions of Law and supporting materials.

8.      Inquest on Written Submissions. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing

on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y.

2012) (adopting magistrate judge's report and recommendation on damages, issued

after referral for inquest into damages following default judgment against defendant,

without an evidentiary hearing). To the extent any party seeks an evidentiary hearing on

the issue of damages or other monetary relief, such party must set forth in its

submission the reason why the inquest should not be conducted based upon the written

submissions alone, including a description of what witnesses would be called to testify

at a hearing, and the nature of the evidence that would be submitted.

DATED:  February 21, 2024
     New York, New York

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**
United States Magistrate Judge